IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMELL C. NEWBERN,            ) | |
|                                              ) | |
|            Petitioner/Defendant,  ) | |
|                                              ) | CIVIL NO. 10-cv-64-DRH |
| vs.                                         ) | |
|                                              ) | CRIMINAL NO. 05-cr-30071 |
| UNITED STATES of AMERICA , ) | |
|                                              ) | |
|            Respondent/Plaintiff.    ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

  This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255

  Petitioner pleaded guilty, without benefit of a written plea agreement, to one count of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On December 8, 2005, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to 300 months imprisonment after this Court found that two of Petitioner's prior convictions were for crimes of violence. Petitioner filed a direct appeal concerning his sentence, but his sentence was affirmed by the Seventh Circuit Court of Appeals. *United States v. Newbern*, No. 05-4709 (7th Cir., affirming district court March 13, 2007). It appears that Petitioner did not seek a petition for a writ of certiorari from the Supreme Court of the United States.

  In his § 2255 motion, Petitioner raises only one ground for relief: that his sentence should not have been enhanced for being a "career offender" under U.S.S.G. § 4B1.1 because one of his prior convictions no longer qualifies as a "crime of violence" in light of the Supreme

Court's decision in *Chambers v. United States*, 129 S.Ct. 687 (2009).[1]  Petitioner acknowledges that his § 2255 motion would be untimely under § 2255(f)(1), but argues that his motion falls within § 2255(f)(3) which provides that the one-year period of limitations runs from " the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review."  In support of his claim that the right in *Chambers* has been made retroactive to cases on collateral review, Petitioner cites *United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir. 2009).

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED:** June 24, 2010.

                                           /s/   DavidRHerndon
                                           **DISTRICT JUDGE**

---

[1] In *Chambers* the Court was examining the language in the Armed Career Criminal Act, 18 U.S.C. § 924(e) and not the language in the sentencing guidelines relating to career offender status.  The wording in § 4B1.2 of the sentencing guidelines concerning "crime of violence," however, is the same as that in § 924(e).